


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

**05-80916**

VENDARE MEDIA CORPORATION, a
Delaware Corporation, and
EMARKETMAKERS, INC., a Delaware
Corporation,

Case No.

CIV-MIDDLEBROOKS

Plaintiffs,

v.

LIQUID MARKETING INC., a Florida
Corporation, EMMANUELE
ZUCCARELLI, an individual,
ANTHONY FERLANTI, an individual,
and DOES 1 through 10,

MAGISTRATE JUDGE
JOHNSON

Defendants.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Vendare Media Corporation ("Vendare") and eMarketMakers, Inc. ("eMM"; collectively referred to herein as "Plaintiffs") hereby allege as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 28 U.S.C. § 1332 in that this is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.  Vendare is, and at all times relevant hereto was, a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, State of California. As such, Vendare is a citizen of Delaware and California.



3. eMM is, and at all times relevant hereto was, a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the County of Los Angeles, State of California. As such, eMM is a citizen of Delaware and California.

4. Plaintiffs are informed and believe, and thereon allege, that Defendant Emmanuele Zuccarelli ("Zuccarelli") is an individual who resides in Palm Beach County, in the State of Florida. Plaintiffs are informed and believe, and thereon allege, that Zuccarelli is the owner and operator of various internet marketing related businesses, including Defendant Liquid Marketing Inc. As such, Zuccarelli is a citizen of Florida.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant Anthony Ferlanti ("Ferlanti") is an individual who resides in Palm Beach County, in the State of Florida. Plaintiffs are informed and believe, and thereon allege, that Ferlanti is a business partner of Zuccarelli and a representative of Defendant Liquid Marketing Inc. As such, Ferlanti is a citizen of Florida.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant Liquid Marketing Inc. is, and at all times relevant hereto was, a corporation organized and incorporated under the laws of the State of Florida, with its principal place of business in the County of Palm Beach, in the State of Florida. As such, Liquid Marketing Inc. is a citizen of Florida.

7. The true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue those defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is in some manner responsible for the occurrences herein alleged and that Plaintiffs' alleged damages were proximately caused by such defendants.

8. Plaintiffs are informed and believe, and on that basis allege, that Defendant Zuccarelli, is an officer, director, agent, employee, representative, alter-ego and/or co-conspirator of the other defendants in this action, and in doing the things alleged, was acting within the

2

course and scope of such agency, conspiracy and employment, and with the permission and consent of the co-defendants.

9.  Plaintiffs are informed and believe, and on that basis allege, that Defendant Ferlanti, is an officer, director, agent, employee, representative, alter-ego and/or co-conspirator of the other defendants in this action, and in doing the things alleged, was acting within the course and scope of such agency, conspiracy and employment, and with the permission and consent of the co-defendants.

10. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant Liquid Media Inc.'s principal place of business is in this District and Defendants Emmanuele Zuccarelli and Anthony Ferlanti reside in this District and the acts complained of herein originated in this District.

## OVERVIEW

11. This case concerns a despicable and unlawful course and pattern of conduct in which Defendants are engaging in a scheme to steal and misuse Plaintiffs' confidential electronic mail ("email") suppression lists. Defendants are then using the lists to their own advantage and to the detriment of Plaintiffs to market products to individuals. Through deception and dishonesty, Defendants have unlawfully and without authorization misappropriated from Plaintiffs the confidential information contained in the lists.

12. Plaintiff Vendare is a growing company that provides online marketing services. Through its wholly owned subsidiary eMarketMakers, Inc.("eMM"), Vendare puts web media companies (the "Publishers"), who are looking to obtain advertising revenue, together with advertisers (the "Advertisers"), who are looking to advertise their products or services online, including through commercial email. For the Advertisers looking to advertise via email, the Advertiser will provide, as required by applicable law, lists of the email addresses of those individuals who have opted-out of receiving future marketing emails from such Advertiser (the "Confidential Suppression Lists"). eMM will make the Confidential Suppression Lists available

3

to each Publisher so that the Publisher may "scrub" its database against such list (i.e., to compare the email addresses appearing on the Confidential Suppression Lists against its email database as a whole and remove the email addresses on the Confidential Suppression Lists for purposes of that specific campaign). In connection with becoming an eMM Publisher, each Publisher agreed to the eMM Publisher Terms and Conditions (the "eMM Terms"), which provide, in pertinent part, as follows:

> 6. to the extent that eMarketMakers provides an opt-out or unsubscribe list (the "Suppression List") to Publisher in connection with any Program, Publisher shall regularly scrub its database against the Suppression List and shall not at any time send any commercial e-mails to any individuals on the Suppression List;
>
> 7. not use the Suppression List in any manner other than for the purpose contemplated by clause 6 above and Publisher shall not obtain any ownership interest or rights in and to any Suppression List;

13. Defendants Liquid Marketing, Zuccarelli and Ferlanti (collectively "Defendants") are not Publishers or otherwise affiliated with Plaintiffs, and they were never granted any rights by Plaintiffs to use the Confidential Suppression Lists. Nonetheless, Defendants wrongfully obtained and decided to use the Confidential Suppression Lists for their own purposes. Defendants have used the Confidential Suppression Lists without permission or right. Plaintiffs now face the risk that consumers, customers and business partners will falsely assume that Plaintiffs have misused or acquiesced in the misuse of their Confidential Suppression Lists, when nothing could be farther from the truth. Plaintiffs bring this action to stop Defendants' conduct and address the damage caused by Defendants' misappropriation of the Confidential Suppression Lists and Defendants' subsequent use of those lists in direct contravention of the purpose for which they were created. Plaintiffs seek an injunction preventing Defendants from further

4

misusing the Confidential Suppression Lists and an award of monetary damages for the injury suffered to date.

14. As a result of Defendants' conversion and misuse of Plaintiffs' Confidential Suppression Lists and Defendants' unfair business practices, Defendants have received and will continue to receive profits based on their acquisition of confidential email lists through improper means. Defendants' use of the Confidential Suppression Lists has been detrimental to Plaintiffs.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Plaintiffs' Business

15. Vendare, based in Los Angeles, was founded in 1999 and, at all relevant times, is a company that has and is engaged in the business of online marketing.

16. Vendare has, among other things, grown its business through the creation and maintenance of unique proprietary sales techniques, developed at great expense over a long period of time. Furthermore, Vendare engages in a variety of efforts to ensure its compliance with various regulatory requirements, including, specifically the Can-Spam Act of 2003 (Controlling the Assault of Non-Solicited Pornography and Marketing Act). As a result of its efforts, Vendare has developed and compiled lists of email addresses that are available for marketing use, as well as lists of the email addresses of individuals who have opted out of receiving future marketing emails. These lists and other data, including confidential suppression email lists related to Vendare's own advertising efforts, have been collected, updated and maintained by Plaintiffs over a number of years and are kept private from the general public.

17. eMM, also based in Los Angeles, is a wholly owned subsidiary of Vendare, and is a performance-based online advertising and customer acquisition network. eMM has assembled a network of Publishers (the "eMM Network") through which Advertisers can advertise their products and services via online media, including email.

18. eMM's business involves enabling Advertisers to distribute promotional materials concerning their products and services through the eMM Network, including through email.

5

Accordingly, to the extent required by applicable law, in connection with email campaigns, eMM will provide to the Publisher the Confidential Suppression Lists of its Advertisers.

19.     Vendare, in addition to being the parent of eMM, is also an Advertiser, meaning that Vendare has also advertised its products and services through the eMM Network, and as such, has provided its Confidential Suppression Lists (the "Vendare Confidential Suppression Lists") to eMM for dissemination to the Publishers to be used solely in the manner contemplated by the eMM Terms (as set forth above).

20.     The Vendare Confidential Suppression Lists are confidential and proprietary to Vendare, and it takes substantial time and experience to compile the email lists and keep them current. The Vendare Confidential Suppression Lists are not generally known or available to the public or in the industry or elsewhere. Vendare is the sole owner of the Vendare Confidential Suppression Lists and has taken reasonable steps to maintain the confidentiality of the Confidential Suppression Lists.

21.     In addition, many third-party Advertisers have also provided their Confidential Suppression Lists to eMM for dissemination to the Publishers to be used solely in the manner contemplated by the eMM Terms (as set forth above).

22.     As set forth below, eMM requires all of its Publishers to agree to maintain the confidentiality of the Confidential Suppression Lists – including the Vendare Confidential Suppression Lists and those of other Advertisers – and to use them only for the purpose of ensuring that emails are not sent to the email addresses listed thereon. Plaintiffs have spent and are continuing to spend substantial sums of monies in the maintenance of the Confidential Suppression Lists, and Plaintiffs' continued protection of the confidentiality of the Confidential Suppression Lists is critical to their business relationships with the Advertisers.

23.     The Confidential Suppression Lists are crucial to Plaintiffs' business and their goodwill in the online marketing community, as they allow Plaintiffs to ensure that consumers who have requested that they do not receive future email marketing communications from Plaintiffs, their affiliates or other specific Advertisers do not, in fact, receive such

6

communications. The unauthorized use and misuse of these lists, such as sending marketing emails to individuals who have requested that they not receive such emails from specific Advertisers, causes substantial harm to Plaintiffs and their business.

24. Before eMM allows any Publisher to join the eMM Network, eMM requires that each prospective Publisher agree to certain Terms and Conditions. In pertinent part, the Terms and Conditions provide as follows:

> 6. to the extent that eMarketMakers provides an opt-out or unsubscribe list (the "Suppression List") to Publisher in connection with any Program, Publisher shall regularly scrub its database against the Suppression List and shall not at any time send any commercial e-mails to any individuals on the Suppression List;
>
> 7. not use the Suppression List in any manner other than for the purpose contemplated by clause 6 above and Publisher shall not obtain any ownership interest or rights in and to any Suppression List;

25. Additionally, in order to ensure that the Confidential Suppression Lists are not misappropriated or misused, Plaintiffs, through their security consultants, periodically unsubscribe to their own marketing emails and those of the Advertisers using email addresses that have never been used for any other purpose and do not appear on any other lists. Accordingly, when these email accounts receive marketing emails, Plaintiffs know that the Confidential Suppression Lists have been abused.

**Defendants' Misappropriation of the Confidential Suppression Lists**

26. Defendants have misappropriated the Confidential Suppression Lists of Vendare and other Advertisers by, among other things, acquiring the lists and then sending marketing emails to the email addresses included on the Confidential Suppression Lists.

27. Specifically, Defendants misappropriated the Confidential Suppression Lists and used those lists to contact and solicit business from consumers that appeared on those lists. Defendants would not have known the email addresses in question without using the Confidential Suppression Lists.

28. On September 6, 2005, Plaintiffs first became aware of Defendants' misappropriation of the Confidential Suppression Lists when their security consultant informed them that it had received multiple emails from Defendant Liquid Marketing at email addresses that appear on the Confidential Suppression Lists but do not appear anywhere else and have not been used for any purpose other than unsubscribing to future marketing emails from Plaintiffs or the Advertisers. In other words, Defendants sent multiple marketing emails to email addresses that could be obtained only through use of the Confidential Suppression Lists. Plaintiffs are informed and believe, and on that basis allege, that Defendants sent similar or identical email communications to other email addresses that were included on the Confidential Suppression Lists – i.e., to consumers who had attempted to opt-out on the receipt of future marketing emails from Plaintiffs and their affiliates. Plaintiffs also are informed and believe, and on that basis allege, that Defendants sent additional marketing communications to email addresses on the Confidential Suppression Lists, which emails did not specifically state that they had been sent by Liquid Marketing but which emanated from the same Internet Protocol Address ("IP Address") as the Liquid Marketing emails described above.

29. On or about September 15, 2005, Plaintiffs contacted Defendants by telephone and spoke to Zuccarelli. In this conversation, Plaintiffs' representative explicitly informed Defendants that it had come to Plaintiffs' attention that Defendants had been engaging in the improper use of the Confidential Suppression Lists and requested that Defendants cease and desist from further doing so. In these conversations, Zuccarelli admitted that he and Liquid Marketing had used the Confidential Suppression Lists and represented that such activity would be discontinued.

CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

30.     Defendants' improper activity appeared to abate following these telephone conversations.

31.     However, on September 28, 2005, Plaintiffs obtained information that Defendants, despite Plaintiffs' request that Defendants cease and desist their conduct, unlawfully continue to misappropriate the Confidential Suppression Lists, including the Vendare Confidential Suppression Lists, by sending marketing emails to the email addresses included thereon.

32.     On October 3, 2005, through their counsel, Plaintiffs sent a letter to Defendants demanding that they immediately cease and desist from further misappropriation of the Confidential Suppression Lists and requesting the delivery and return of all copies of the Confidential Suppression Lists to Plaintiffs.  This correspondence was sent to the address listed for Defendant Liquid Marketing on the website for the Florida Department of State, Division of Corporations.  This letter was returned as undeliverable.

33.     On October 6, 2005, Defendant Zuccarelli contacted Plaintiffs' representative by telephone and again acknowledged that he and Liquid Marketing had used the Confidential Suppression Lists and again represented that such activity would be discontinued immediately. At this time, Zuccarelli provided Plaintiffs with a new address for Liquid Marketing.

34.     However, on October 7, 2005, Plaintiffs obtained information that Defendants, despite Plaintiffs' repeated request that Defendants cease and desist their conduct, unlawfully continue to misappropriate the Confidential Suppression Lists, including the Vendare Confidential Suppression Lists, by sending marketing emails to the email addresses included thereon.

35.     That same day, Plaintiffs, through their counsel, again sent a letter to Defendants demanding that they immediately cease and desist from further misappropriation of the Confidential Suppression Lists and requesting the delivery and return of all copies of the Confidential Suppression Lists to Plaintiffs.  This letter was sent to the address provided by

CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

Zuccarelli, and Plaintiffs are informed and believe, and based thereon allege, that this letter was received by Defendants and signed for by Defendants' representative.

36. On October 10, 2005, in response to Plaintiffs' letter of October 7, 2005, Defendant Ferlanti contacted Plaintiffs' representative by telephone. In this conversation, Defendant Ferlanti identified himself as a representative of Liquid Marketing and a "partner" of Defendant Zuccarelli. In response to Plaintiffs' efforts to obtain assurances that Defendants would discontinue their use the Confidential Suppression Lists, Ferlanti only offered to take action that Plaintiffs believed would further compromise the confidentiality of the Confidential Suppression Lists. Plaintiffs justifiably rejected this unacceptable offer, and Plaintiffs are informed and believe, and based thereon allege, that Defendants unlawfully continue to misappropriate the Confidential Suppression Lists, including the Vendare Confidential Suppression Lists, by sending marketing emails to the email addresses included thereon.

## FIRST CAUSE OF ACTION

**(Plaintiffs' Claim For Unfair Competition In Violation Of The Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. Ann. §501.201, et seq. Against All Defendants)**

37. Plaintiffs incorporate herein by this reference paragraphs 1 through 36, as though fully set forth herein.

38. All of Defendants' conduct described herein constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. Ann. §501.201, et seq. Defendants' conduct has harmed Plaintiffs.

39. Unless Defendants are enjoined and restrained from engaging in these unfair and unlawful practices, Defendants will cause Plaintiffs to suffer continuing, immediate and irreparable harm, thereby entitling Plaintiffs to an injunction. Plaintiffs have no adequate remedy at law for the injuries currently being suffered in that Defendants will continue to misappropriate the Confidential Suppression Lists, and Plaintiffs would be required to maintain a multiplicity of

judicial proceedings to protect their interests each time the Confidential Suppression Lists were improperly used.

40. Florida law authorizes injunctive and restitutionary relief against any person who has engaged or proposes to engage in unfair competition. As a direct and proximate result of Defendants' aforementioned conduct, Defendants have been unjustly enriched by virtue of their unfair competition in an amount to be proven at trial.

41. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered actual damages in an amount to be proven at trial for which they are entitled to compensation, costs and attorneys' fees pursuant to Fla. Stat. Ann. § 501.211.

## SECOND CAUSE OF ACTION

### (Plaintiff Vendare's Claim For Conversion Against All Defendants)

42. Plaintiff Vendare incorporates herein by this reference paragraphs 1 through 36, as though fully set forth herein.

43. At all times relevant herein, Plaintiff Vendare was and is the exclusive owner and is entitled to possession of all documents, files, lists, databases, records, computer disks or other electronic files or papers (including copies) relating to Plaintiff Vendare's business, including, but not limited to, the Vendare Confidential Suppression Lists.

44. These items have value which has yet to be ascertained and will be proven at the time of trial.

45. Plaintiff Vendare is informed and believes, and on that basis alleges, that Defendants wrongfully took, without express or implied consent, certain of the Vendare Confidential Suppression Lists and converted them to their own use.

46. Plaintiff Vendare has demanded the immediate return of the above-referenced property, but Defendants have failed and refused to return the property to Plaintiff Vendare.

47. As a proximate result of this conversion, Plaintiff Vendare has suffered damages in an amount to be determined at trial.

CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

48.     Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Vendare, and acted with an improper and evil motive amounting to malice in conscious disregard of Plaintiff Vendare's rights. Accordingly, Plaintiff Vendare is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Plaintiff Vendare's Claim For Civil Theft Against All Defendants)

49.     Plaintiff Vendare incorporates herein by this reference paragraphs 1 through 36, as though fully set forth herein.

50.     At all times relevant herein, Plaintiff Vendare was and is the exclusive owner and is entitled to possession of all documents, files, lists, databases, records, computer disks or other electronic files or papers (including copies) relating to the Vendare Confidential Suppression Lists.

51.     Defendants knowingly obtained, used and continue to endeavor to use property of Plaintiff Vendare, specifically, the Vendare Confidential Suppression Lists, with the intent to appropriate this property to Defendants' own use.

52.     Defendants obtained, used and continue to endeavor to use the Vendare Confidential Suppression Lists with the intent, among others, to appropriate this property for their own use in their online marketing efforts.

53.     Plaintiff Vendare is informed and believes, and on that basis alleges, that Defendants also obtained, used and continue to endeavor to use the Vendare Suppression Lists with the intent, among others, to appropriate this property for the use of third parties not entitled to use the Vendare Confidential Suppression Lists in their online marketing efforts.

54.     Based on Defendants' theft and misappropriation of the Vendare Suppression Lists, Plaintiff Vendare is entitled to injunctive relief pursuant to Florida's Civil Theft Statute, Fla. Stat. § 812.035(6).

12

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For entry of a preliminary and permanent injunction restraining and enjoining Defendants, their agents, employees, servants, partners, joint ventures, representatives and those persons acting in concert with them from engaging in, or performing, directly or indirectly, any or all of the following acts:

   (a) Using or disclosing in any way the Confidential Suppression Lists, including, but not limited to, the Vendare Confidential Suppression Lists; and

   (b) Utilizing any of Plaintiffs' Confidential Suppression Lists, including, but not limited to, the Vendare Confidential Suppression Lists, to contact any person or entity for marketing purposes.

2. For an order requiring Defendants and all persons acting in concert with them to immediately deliver to Plaintiffs any and all Vendare Confidential Suppression Lists, within their possession, custody or control.

3. For compensatory damages in accordance with proof.

4. For general damages in an amount necessary to prevent the unjust enrichment of Defendants in accordance with proof.

5. For punitive and exemplary damages in an amount according to proof.

6. For Plaintiffs' costs.

7. For Plaintiffs' reasonable attorneys' fees.

8. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues and claims so triable.

Respectfully submitted,

Clarke Silverglate Campbell Williams & Montgomery
799 Brickell Plaza
Suite 900
Miami, Florida 33131
Telephone: (305) 347-1557
Facsimile: (305) 377-3001

Loeb & Loeb LLP
10100 Santa Monica Blvd.
Suite 22000
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

DATED: 10/11/05

By: _____
Spencer H. Silverglate/Fla. Bar No. 769223
Email: ssilverglate@cswm.com
Matthew Cordis/ Fla. Bar No. 0590541
Email: mcordis@cswm.com

Karen R. Thorland/ Cal. Bar No. 172092
(pro hac vice pending)
Email: kthorland@loeb.com

ATTORNEYS FOR PLAINTIFFS

JS 44 (Rev. 3/99)

**05-80916**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VENDARE MEDIA CORPORATION, and EMARKETMAKERS, INC.

(b) County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE
JOHNSON

## DEFENDANTS
LIQUID MARKETING, EMMANUELE ZUCCARELLI and ATHONY FERLANTI

County of Residence of First Listed Defendant **Palm Beach**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**NIGHT BOX FILED**

OCT 11 2005

(c) Attorney's (Firm Name, Address, and Telephone Number)
Spencer H. Silverglate
Clarke Silverglate Campbell Williams & Montgomery
799 Brickell Plaza, Suite 900
Miami, Fla. 33131
Telephone: 305.347.1557
Facsimile: 305.377.3001

Attorneys (If Known)

(d) CIRCLE COUNTY WHERE ACTION AROSE: Dade, Monroe, Broward, (Palm Beach,) Martin, St. Lucie, Indian River, Okeechobee Highlands

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

PalmBeach 9: 05CV 80916 DMM LRJ

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332 . Claims for unfair competition, conversion and civil theft.

LENGTH OF TRIAL
via 14 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

$250.00   925118

10/12/05

**CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY**
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS